UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLINS CHARO CAPITAL LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JANET LOUISE YELLEN, et al.,<br><br>　　　　Defendants. | Case No.: 1:24-cv-01321 JLT SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 3) |

On October 28, 2024, a complaint was filed naming Collins Charo Capital LLC as the pro se Plaintiff. (Doc. 1.) The complaint also indicates the "printed name" of the plaintiff is "Collins Charo Capital, LLC." (*Id.* at 6.) Several "Civil Cover Sheets" attached to the complaint indicate the unidentified signatory is "UCC 1-308" and a "[p]arty without attorney." (Doc. 1-1 at 1-3.) The filing fee was paid in full by Mel Nagashima.

The magistrate judge observed, "It is a long-standing rule that corporations and other unincorporated associations must appear in court through an attorney." (Doc. 3 at 1, quoting *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973–74 (9th Cir. 2004) (quotation marks and citation omitted).) The magistrate judge found "no indication the individual who completed and signed the complaint is a licensed attorney." (*Id.* at 2.) Because Collins Carol Capital LLC cannot proceed as a pro se plaintiff, the magistrate judge recommended the action be dismissed without prejudice. (*Id.*) The Court served these Findings and Recommendations on the unrepresented entity and indicated any

1

objections must be filed within 30 days.  (*Id.*)

On November 25, 2024, the Court received several documents from Marvin C. Collins[1], including a "Common Law Copyright Notice for Marvin C. Collins" and a copy of the Findings and Recommendations with handwritten notations.  (*See generally* Doc. 4.)  To the extent the "Copyright Notice" and attached documents are a response to the Findings and Recommendations, the assertions therein appear irrelevant.  The documents do not mention the plaintiff, Collins Charo Capital LLC, or otherwise address the requirement that the entity must appear in court with licensed counsel.  Further, the entity remains unrepresented because a notice of attorney was not filed in this action.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated October 30, 2024 (Doc. 3) are **ADOPTED** in full.
2. This action, commenced by an unrepresented entity, is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 22, 2024**                                   UNITED STATES DISTRICT JUDGE

---

[1] The Court takes judicial notice of the records of the California State Bar and Wyoming State Bar—because the mailing address of Collins Charo Capital LLC is in Wyoming—as the state bar websites are sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b); *Davis v. Hollins Law*, 25 F.Supp.3d 1292, 1298 n. 5 (2014) (indicating the court may take judicial notice of the state bar's website).  No individual named "Marvin Collins" is admitted to practice in the State of California or in this district court.  In addition, no individual named "Marvin Collins" is a member of the Wyoming State Bar. (Wyoming State Bar Membership Directory, available at https://www.wyomingbar.org/for-the-public/hire-a-lawyer/membership-directory/ (last visited Dec. 4, 2024).)

2